UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.

MICHAEL BRIER,
RECOVERY CONNECTION CENTERS
OF AMERICA, INC, and
MI OK SONG BRUINING.
        Defendant.

CR No.: 23-MJ-012-PAS
        23-MJ-013-PAS
        23-MJ-011-PAS

## **PROTECTIVE ORDER**

The Court hereby ORDERS as follows:

1.      Defendants Michael Brier, Recovery Connection Centers of America, Inc., and Mi Ok Song Bruining (Defendants) and their counsel shall not use or disclose any materials produced by the government in the process of discovery and trial of this matter (the Discovery Materials), unless they are already in the public record, for any purpose other than the defense of this criminal case.  This Order does not prohibit the Defendants or their criminal defense lawyers or their staff from sharing the Discovery Materials for the purpose of preparing witnesses or the defense of this criminal case.  However, anyone who receives the documents shall be required to agree to the terms of this protective order and not use the Discovery Materials or information therein for any purpose other than the defense of this matter. This paragraph does not restrict the Defendants or their counsel from utilizing in any way materials that they obtained independently from the government's production of Discovery Materials.

2.      When providing non-public materials received in discovery to an authorized person, counsel for the party providing such materials must inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order.

3.      Documents revealing the social security number, bank account or other such personal identify information of any person or identifying any potential cooperating witness in the matter as such shall be considered "Highly Confidential" and Defendants shall not make such documents or information public or share it with third parties without redacting the identifying information.

4.      Documents revealing the confidential drug abuse treatment information, that would be otherwise protected from disclosure pursuant to 42 U.S.C. § 290dd-2, and regulations promulgated thereunder at 42 CFR § 2.1 *et seq*, which protect against disclosure of substance abuse treatment records.  Such confidential drug abuse treatment information shall be deemed "Highly Confidential" and Defendants shall not make such documents or information public or share it with third parties without redacting the identifying information.  Furthermore, patient identifying information shall not be filed publicly or shared with anyone other than counsel for the defense, their staff and the defendants.

5.      Nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.  This Order also does not preclude the filing of documents received in discovery, or mentioning facts set forth in those documents, with pretrial motions, so long as any personal identifying information is appropriately redacted or provided under seal.


So Ordered this 12th day of  May  2023.


 /s/ Patricia A. Sullivan
_____
PATRICIA A. SULLIVAN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF RHODE ISLAND